**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

COLLETTE JACQUES-SCOTT,      :
                                :
              Plaintiff,       :
                                :
      v.                     :    C. A. No. 10-422-LPS-MPT
                                :
SEARS HOLDINGS CORPORATION,   :
a Delaware Corporation and SEARS,  :
ROEBUCK AND CO., a foreign      :
corporation,                      :
                                :
             Defendants.   :

## REPORT AND RECOMMENDATION

## I.    INTRODUCTION

The court now considers defendants' motion to dismiss plaintiff's complaint. For the reasons set forth below the court recommends defendants' motion be denied in part and granted in part.

## II.    BACKGROUND

Plaintiff was employed by defendants, Sears Holdings Corporation and Sears Roebuck and Company ("Sears" or collectively "defendants"), from January 28, 2008 until June 11, 2008. Plaintiff alleges that during her employment she was discriminated against based on her age, race and gender, subjected to a hostile work environment and her character was defamed. Plaintiff further alleges that her employment was terminated in retaliation for reporting safety, health and fire violations and that such termination breached the covenant of good faith and fair dealing. Plaintiff bases her claims on Title VII of the Civil Rights Act of 1964, Title 42 USC 2000 et seq. as

amended, Delaware Discrimination in Employment Act, Labor Laws Violation, the Sarbanes-Oxley Act and Federal Occupational Safety and Environmental Laws.

Plaintiff originally filed her claim with the Equal Employment Opportunity Commission ("EEOC") on June 13, 2008 in which she asserted that she was denied equal terms and conditions, harassed, suspended and discharged due to defendants' discrimination based on her race and gender and retaliatory conduct from January 28, 2008 through June 11, 2008. On February 22, 2010, the EEOC issued a right to sue letter. On May 20, 2010, plaintiff filed this action *pro se*. Defendants were served on September 8, 2010. On September 29, 2010, they filed their motion to dismiss under Rule 12(b)(6).

## III.  DISCUSSION

### Motion to Dismiss Standard

In analyzing a motion to dismiss under FED. R. CIV. P. 12(b)(6), a review of Rule 8(a)(2) is necessary. It requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." That standard "does not require 'detailed factual allegations,' but . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[1] Thus, to survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[2] The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide

---

[1] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

[2] *Id.,* citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6).

the merits of the case.[3]  Evaluating a motion to dismiss under Rule 12(b)(6) requires the court to accept as true all material allegations of the complaint.[4]  "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[5]  A motion to dismiss may be granted only if, after, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."[6]

To survive a motion to dismiss under Rule 12(b)(6), however, the factual allegations must be sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[7]  A plaintiff is obliged "to provide the 'grounds' of his 'entitle[ment] to relief'" beyond "labels and conclusions."[8]  Heightened fact pleading is not required:  rather "enough facts to state a claim to relief that is plausible on its face" must be alleged.[9]  The plausibility standard does not rise to a "probability requirement," but  requires "more than a sheer possibility that a defendant has acted unlawfully."[10]  Rejected are unsupported allegations, "bald assertions," or "legal conclusions."[11]  Further, "the tenet

---

[3] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

[4] *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).

[5] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks and citation omitted).

[6] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks and citations omitted).

[7] *Twombly*, 550 U.S. at 555; *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007).

[8] *Twombly*, 550 U.S. at 555.

[9] *Id.* at 570.

[10] *Iqbal*, 129 S. Ct. at 1949.

[11] *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *Schuylkill Energy Res., Inc. v.*

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[12]  Moreover, "only a complaint that states a plausible claim for relief survives a motion to dismiss," which is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13] Thus, well-pled facts which only infer the "mere possibility of misconduct," do not show that "' the pleader is entitled to relief,'" under Rule 8(a)(2).[14]  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."[15]

**Failure to Exhaust Administrative Remedies for Hostile Work Environment Claim**.

Defendants argue that plaintiff failed to properly exhaust the administrative remedies with the EEOC regarding her hostile work environment claim.  Defendants do not contend that plaintiff failed to file an EEOC claim timely or properly; rather they contend that she did not raise allegations of a hostile work environment before the EEOC, and that hostile work environment claims are not "fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom."[16]

---

*Pennsylvania Power & Light* Co., 113 F.3d 405, 417 (3d Cir. 1997) ("unsupported conclusions and unwarranted inferences" are insufficient); *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996) (allegations that are "self-evidently false" are not accepted).

[12] *Iqbal*, 129 S. Ct. at 1949; *see also Twombly*, 550 U.S. at 555 (a court is "not bound to accept as true a legal conclusion couched as a factual allegation").

[13] *Id.* at 1950.

[14] *Id.*

[15] *Id.*

[16] *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984).

Defendants assert that the "only reference to any environment, let alone a hostile environment, in the EEOC charge is plaintiff's claim that 'a female did not stand a chance in their environment.'"[17]  Therefore, defendants move for dismissal of the hostile work environment claim.

Hostile work environment is not specifically defined under Title VII.  The Third Circuit has held that in order to establish a *"prima facie* case of a hostile work environment under Title VII, a plaintiff must show: (1) that she suffered intentional discrimination because of her membership in a protected class; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected her; (4) the discrimination would have detrimentally affected a reasonable person in the same position; and (5) the existence of *respondeat superior* liability."[18]  Additionally, the Second, Seventh, Ninth and Tenth circuits have held that an employer may be liable for a retaliation-based hostile work environment.[19]

Here, plaintiff indicated in the EEOC charge that "Mr. Filipone has threatened Charging Party with discharge on 2 occasions . . . for making complaints and not just 'doing it our way'.  Charging party complained internally of discriminatory treatment of female and older employees.  Said complaint included . . . behavior being inappropriate and unprofessional.  She was told 'this is how we do things.'  On 5/8/08 Respondent

---

[17] D.I. 7 at 9.

[18] *West v. Phila. Elec. Co.*, 45 F.3d 744, 753 (3d Cir. 1995) (citing *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1482 (3d Cir. 1990)).

[19] *Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. Cal. 2000); *Richardson v. New York State Dep't of Correctional Serv.*, 180 F.3d 426, 446 (2nd Cir. 1999); *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 886 (7th Cir. 1998); *Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1264 (10th Cir. 1998).

suspended her (with pay) in retaliation."[20]  The EEOC filing continues that, "[a]nother

male . . . exhibits sexually harassing tendencies toward all female loss prevention

associates and despite having complaints against him regarding these matters, has

been promoted by Mr. Filipone.  Charging Party was discharged on 6/11/2008 in

retaliation for filing complaints and for being the only black female manager."[21]

    Defendants rely on *Tillman v. The Pepsi Bottling Group, Inc.*[22]  The present

matter is distinguishable in that the plaintiff in *Tillman* did not make any reference to

sexual harassment in her EEOC filing; she simply claimed that her failure to promote

and disparate treatment claims were based upon her gender and race and suggested

no contention, generally or specifically, to sexual harassment as a basis.

    If this court were to concur with other jurisdictions and allow the plaintiff's claim

based on a retaliation-based hostile work environment, clearly her claim for hostile work

environment is sufficiently alleged in her EEOC filing.

    However, even if the court does not so agree, a close nexus exists between the

claims of hostile work environment in the complaint and EEOC charging document.  The

charging document notes "inappropriate and unprofessional" behavior towards female

and older employees and of "sexually harassing tendencies" by a supervisor show that

the hostile work environment claims were within the scope of the investigation

performed by the EEOC.  Additionally, as indicated in the EEOC filing, plaintiff was

threatened with discharge on two occasions for raising concerns of gender and age

---

[20] D.I. 1, Ex 1 at 21.
[21] *Id.*
[22] Civ. No. 04-1314-SLR, 2005 U.S. Dist. LEXIS 18891, 17-18 (D. Del., Aug. 30, 2005).

discrimination.

Additionally, defendants emphasize *Moon v. Del. River & Bay Auth.*[23] which found no close nexus between the retaliation and hostile environment charges. However, *Moon* involved a motion for summary judgment and thus applied a different standard of review (whether a genuine issue of material fact exists). The *Moon* court had the benefit of all discovery, the entire EEOC file, and the developed record in determining whether there was a close nexus between the hostile work environment claim and the retaliation claim in rendering its decision. Here, the appropriate standard under a 12(b)(6) motion requires the court to only view all facts in the complaint and charging document as true in its analysis.

Therefore, plaintiff's claims of hostile work environment fall within the scope of the EEOC charge. Defendants' motion to dismiss plaintiff's claim for hostile work environment is denied.

**Failure to Exhaust Administrative Remedies for Age Discrimination Claim.**

Defendants also contend that plaintiff failed to properly exhaust her administrative remedies for age discrimination. They maintain that plaintiff failed to raise age discrimination during the EEOC process, so that allegation was not reasonably within the scope of the EEOC complaint or its investigation.

Defendants note the "only reference to 'age' in the EEOC charge is . . . that Plaintiff filed an internal complaint that addressed alleged 'discriminatory treatment of

---

[23] No. 05-261, 2006 U.S. Dist. LEXIS 7101, 2006 WL 462551 (D. Del., Feb. 24, 2006).

female and older employees.'"[24]  Defendants also point out that plaintiff failed to check

the box marked "age" on her EEOC documents.  As a result, they argue that age

discrimination is not properly before this court.

Defendants reference *Hicks v. ABT Assoc., Inc.*[25] wherein the court determined

that the purpose of receiving a right to sue letter prior to filing a complaint is "to

determine the scope of the subsequent litigation and the ambit of a civil complaint once

a right-to-sue letter is issued by the EEOC."

The facts in *Hicks* are very similar to the facts in this matter.  In *Hicks,* the plaintiff

filed an EEOC charge and checked the box labeled "race or color," but failed to mark

the other boxes including "sex."  The *Hicks* defendant moved for summary judgment,

which was granted by the lower court.  On appeal, however, the Third Circuit found that

"[o]nce a charge of some sort is filed with the EEOC, this court has held that the scope

of a resulting private civil action in the district court is 'defined by the scope of the EEOC

investigation which *can reasonably be expected* to grow out of the charge of

discrimination.'"[26]

Here, while plaintiff did not check the "age" box on the EEOC charge, the "brief

statement of allegations" notes that "Charging Party complained internally of

discriminatory treatment of female and older employees."[27]  Therefore, it can be

inferred that the allegations of age discrimination were within the scope of the EEOC's

---

[24] D.I. 7 at 11.

[25] 572 F.2d 960 (3d Cir. 1978).

[26] *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394 at 398-99 (3d Cir. 1976)
(*emphasis added*).

[27] D.I. 1, Ex 1 at page id. 21.

investigation in this matter.

Defendants also cite *McPartland v. American Broadcasting Co.*[28] where the court

dismissed the plaintiff's age discrimination claim for failing to mention such

discrimination in her EEOC charge. They further point to *Dennis v. Pan American*

*World Airways,*[29] where the court held that "the facts given by plaintiff to the EEOC in

her race claim were not sufficient to apprise the EEOC that a possible age claim was

also lurking in the case."[30] However, the instant matter is distinguishable from

*McPartland* and *Dennis*.

In *McPartland,* the court noted that "[a]lthough plaintiff contends that the EEOC

was notified of this allegation in writing, there is no affidavit or other documentary proof

of this. In none of plaintiff's EEOC or CCHR charges and complaints against ABC has

plaintiff made any age discrimination allegations."[31] Additionally, in *Dennis*, the court

commented that:

> [w]hen plaintiff filed her original complaint with the EEOC . . . she indicated
> that she had only been discriminated against on the basis of race and
> color. Her detailed affidavit fully describes the alleged *racially*
> discriminatory circumstances and working conditions which led to her early
> retirement. At no time in this affidavit or in any subsequent amendments
> to the EEOC complaint, did she claim that she was discriminated against
> because of her age.[32]

Additionally, the *Dennis* court noted that "the age discrimination claim was not

implicitly contained in plaintiff's race discrimination charges made to the EEOC, and the

---

[28] 623 F. Supp. 1334, 1339 (S.D.N.Y. 1985).
[29] 746 F. Supp. 288, 291 (E.D.N.Y. 1990).
[30] *Id.* at 290.
[31] *Id. at 1339.*
[32] *Id.* (*emphasis in original).*

allegation that plaintiff retired earlier than she would have because of *racial* discrimination does not *ipso facto* raise an inference of age discrimination."[33]

Here, age discrimination is mentioned in plaintiff's EEOC complaint. Defendants admit that plaintiff raised an allegation of "discriminatory treatment of . . . older employees."[34] Defendants do not contend that this statement failed to afford any notice of a potential age discrimination charge for investigation at the EEOC level. Rather, they argue that "the lack of any detail regarding the alleged age discrimination means that Plaintiff failed to exhaust her administrative remedies concerning [such] claims [sic]."[35]

The mere fact that the "age" box was not checked does not mean that age discrimination was beyond the investigation of the EEOC or that defendants were not on notice of that claim. Therefore, defendants' motion to dismiss plaintiff's age discrimination claim for failure to exhaust her administrative remedies is denied.

**Adequacy of Age and Race Discrimination Allegations.**

Defendants further maintain that plaintiff's allegations of age and race discrimination fail to state a claim. In *Erickson v. Pardus,*[36] the court determined that "a document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

---

[33] *Id.* (emphasis in original).
[34] D.I. 7 at 11.
[35] D.I. 7 at 8.
[36] 511 U.S. 89 (2007).

drafted by lawyers."[37]  Additionally, Rule 8(f) requires that "all pleadings shall be so construed as to do substantial justice."  The Third Circuit has held that "[w]here the plaintiff is a *pro se* litigant, the court has an obligation to construe the complaint liberally"[38] and "[c]redit must be given to all allegations in the complaint."[39]

Defendants advance *Capograsso v. Rabner,*[40] purporting that a court must evaluate a plaintiff's *pro se* complaint to the factual plausibility standards dictated by *Iqbal* and *Twombly*.  *Capograsso*, however, involved an attorney representing herself. Even though counsel acted in a pro se capacity, she had the requisite training and educational background to know how to file an adequate complaint.  In the instant matter, plaintiff is proceeding *pro se.*  She has no formal legal training, and does not fit into the same category nor should be held to the same standards as one who does. Defendants also point to other decisions in this circuit applying *Iqbal* and *Twombly* to pro se complaints.[41]  Those decisions reveal a liberal application of Rule 12(b)(6).

---

[37] *Id.* at 93.

[38] *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

[39] *Gibbs v. Roman*, 116 F.3d 83, 86 n.6 (3d Cir. 1997).

[40] 588 F. 3d 180 (3d Cir. 2009).

[41] *Wormack v. Shinseki*, Civil Action No. 2:09-cv-916, 2010 U.S. Dist. LEXIS 65699 (W.D. Pa., July 1, 2010) (pro se plaintiff granted leave to amend his complaint when he failed to allege an adverse employment action in support of his Title VII claims. After amendment, plaintiff still failed to allege an adverse employment action.  The complaint was dismissed);  *Catanzaro v. Collins*, C.A. No. 09-922 U.S. Dist. LEXIS 41284 (M.D. Pa., Apr. 27, 2010) (pro se plaintiff's complaint dismissed under judicial immunity doctrine.  In light of plaintiff's pro se status, the district court allowed amendment of complaint and held a telephone conference with counsel and plaintiff to address issues of the case.  After plaintiff's amended complaint was filed which failed to allege facts to support his claims, complaint was dismissed under Rule 12(b)(6)); *Goodson v. Maggi*, Civ. A. No. 08-44, 2010 U.S. Dist. LEXIS 24338 (W.D. Pa., Feb. 22, 2010) (pro se plaintiff's Section 1983 claims dismissed because the defendants were not state actors.  Section1985(3) claims dismissed for insufficient facts because

In another case cited by defendants, *Phillips v. County of Allegheny*,[42] a plaintiff alleged a state created danger claim against the defendants. The defendants sought to dismiss under Rule 12(b)(6) alleging insufficiently pled facts to support her allegations. Specifically, a state created danger claim required that four elements be pled and the lower court dismissed for failing to adequately plead the first, second and fourth elements. On appeal, the Third Circuit determined that the "the district court erred when he dismissed the complaint without offering Phillips the opportunity to amend her complaint."[43] The court recognized that "in the event a complaint fails to state a claim, unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint."[44] Further, filing for leave to amend is not required because "[w]e have held that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment unless an amendment would be inequitable or futile."[45]

Additionally, the *Phillips* court summed up the *Twombly* standard as "'stating . . .

---

allegations of conspiracy require a factual basis to support the existence the elements of a conspiracy. Section1986 claim dismissed because it cannot exist absent a § 1985 claim and § 1988 claim dismissed because of no private right of action); *Paschal v. Billy Beru*, Civ. A. No. 08-1144, 2009 U.S. Dist. LEXIS 34549 (W.D. Pa., Apr. 23, 2009) (pro se plaintiff given three opportunities to cure defective complaint. Oral hearing occurred to obtain testimony from plaintiff to set forth facts to support complaint and advised plaintiff of information needed to maintain his complaint. Thereafter, plaintiff failed to cure the deficiencies and action dismissed). *Van Tassel v. Lawrence County Domestic Relations,* 659 F. Supp. 2d 672 (W.D. Pa. 2009) (pro se plaintiff's complaint dismissed for lack of subject matter jurisdiction, judicial immunity and failure to set forth facts to support conspiracy).

[42] 515 F.3d. 224 (3d Cir. 2008).
[43] *Id.* at 236.
[44] *Id.* at 228 (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)).
[45] *Id.* at 236.

a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element . . . [which] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."[46]

Here, defendants do not propose that an amendment to the complaint would be futile.  They merely cite purported inadequacies in support of their argument to dismiss.

<u>Sufficiency of Factual Allegations of Age Discrimination</u>

Defendants claim that plaintiff's allegations for age discrimination fail to state a claim upon which relief can be granted.  29 USC § 623(a) makes it unlawful for an employer to discriminate against an employee based on age.  In order to qualify for protection under the statute, plaintiff must allege that she is over forty (40) years old, that she held an employment position with the defendants and satisfactorily performed all of her job duties but was fired, due to her age, and was replaced with someone younger; or that she was assigned less favorable job assignments due to her age. *McDonnell Douglas Corp. v. Green*[47] has set out the evidentiary requirements in order to establish a *prima facie* case of discrimination:  a plaintiff must show that she is a member of a protected class and was qualified for the employment position, but that she suffered an adverse employment action under circumstances that infer discrimination.

However, since the *McDonnell Douglas* framework is an evidentiary standard and not a pleading standard, the Third Circuit has provided guidance with regard to the

---

[46] *Id.* at 234 (citing *Twombly*, 550 U.S. at 556).
[47] 411 U.S. 792 (1973).

pleading standard required in employment discrimination cases in *Golod v. Bank Of America Corp.*,[48] which held that "[i]n order [for a plaintiff] to overcome a motion to dismiss . . . [plaintiff] has the burden of pleading sufficient factual matter that permits the reasonable inference that [plaintiff] was terminated or retaliated against"[49] for discriminatory reasons.  In order to determine whether or not a complaint has complied with the *Iqbal* pleading standard "a court must ignore legal conclusions and . . . consider only those allegations entitled to a presumption of truth . . . ."[50]

Here, defendants argue that the only reference in the complaint to age discrimination are blanket allegations in paragraphs one and three.  They maintain that no facts have been set forth regarding who discriminated against the plaintiff; where or when such discrimination occurred; or how such discrimination was effectuated.

Paragraph six of the complaint states "due to age . . . defendant took adverse work action against plaintiff and there is no legitimate, nondiscriminatory rational for any actions taken."[51]  Paragraph thirty-three alleges "[p]laintiff as well as all the women just mentioned were assigned to the Dover Store and over 40 years in age.  Defendant discriminated against Female Associates over 40, by threats of termination and or was replaced [sic] in position with younger associates."[52]

Those allegations are merely conclusory and fail to describe how plaintiff was discriminated against, the frequency and timing of such discrimination or the manner

---

[48] 2010 U.S. App. LEXIS 25403 (3d Cir. Dec. 13, 2010).
[49] *Id.* at 6.
[50] *Id.* at 6.
[51] D.I. 1 at 3.
[52] D.I. 1 at 9.

and result of such discrimination.  Although the specific details of purported age

discrimination are not required, plaintiff must set forth sufficient facts, not just

conclusions, which support that she, *personally*, was discriminated against due to her

age by defendants.

Therefore, defendants' motion is granted with leave to amend allowed to

plaintiff.[53]

Sufficiency of Factual Allegations of Race Discrimination

Defendants next submit that plaintiff's claim for race discrimination do not satisfy

Rule 12(b)(6).  29 U.S.C. § 2000e-2 states in pertinent part that:

> (a) . . . . It shall be an unlawful employment practice for an employer  (1) to
> . . . discharge any individual, or otherwise to discriminate against any
> individual with respect to his compensation, terms, conditions, or
> privileges of employment, because of such individual's race . . . or  (2) to
> limit, segregate, or classify his employees . . . in any way which would
> deprive or tend to deprive any individual of employment opportunities or
> otherwise adversely affect his status as an employee, because of such
> individual's race . . . .

As previously stated herein, for plaintiff to prove a *prima facie* case of

employment discrimination she must prove that she belongs to a protected class, was

employed by defendants and qualified for her position, suffered an adverse employment

action and the circumstances of the adverse employment action cause an inference of

unlawful discrimination such as might occur when a similarly situated person not of the

_____

[53] Unlike the analysis of whether age discrimination was likely alleged before the
EEOC for investigation of possible retaliatory conduct against plaintiff, in her complaint
she failed to allege any facts that she, rather than others, was discriminated against
based on age.  Further, discrimination based on age requires distinct proofs from a
retaliation claim.

protected class is treated differently."[54]

To meet the requirements of Rule 12(b)(6), plaintiff must plead "sufficient factual matter that permits the reasonable inference that [plaintiff] was terminated or retaliated against"[55] for discriminatory reasons.

Defendants indicate that plaintiff failed to plead facts which support the required elements of a race discrimination claim.  Defendants admit that plaintiff properly pled that she was a member of the protected class, i.e. African American.  However, defendants note that she failed to assert any "factual allegations in the Complaint that describe who discriminated against plaintiff on the basis of her race; where or when such discrimination occurred; or how such discrimination was effectuated."[56]

Plaintiff pled the following facts in her complaint.  In paragraph six, she alleges that she "was denied equal terms and conditions, harassed, suspended, discharged due to . . . race (black) . . . . Defendant took adverse work action against Plaintiff and there is no legitimate, nondiscriminatory rational for any actions taken."

Additionally, in paragraph thirty-one, plaintiff alleges:

[o]n March 10, 2008, assisted with the Inventory process at Defendants Salsbury location . . . Cindy Dayton . . . removed Plaintiff from the Inventory to a[n] isolated and designated area away from the Inventory Process.  This area was usually guarded by Associates and Leads . . . . Defendants discriminated against Plaintiff (B/F - LPC) by assigning her to a[n] isolated post disproportionately more frequently then [sic] its [sic] assigns male LPC and allowed same gender but different race

---

[54] *McDonnell Douglas Corp.*, 411 U.S. at 802; *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994).
[55] *Golod,* 2010 U.S. App. LEXIS 25403 at 6.
[56] D.I. 7 at 14.

discrimination to occurr [sic] when Cindy isolated Plaintiff.[57]

In paragraphs six and thirty-one of her complaint, plaintiff sufficiently alleged racial discrimination because she identified facts that she was disproportionately assigned less favorable working conditions and assignments and was isolated when compared to whites.

Giving credit to all allegations in her complaint, plaintiff has adequately pled a claim for racial discrimination under Rule 12(b)(6).

**Defamation Allegations**

Defendants argue that the fourth and fifth causes of action sounding in libel and slander fail to state a claim because they do not allege any facts in support of the elements for such actions. In order to prevail on a libel or slander claim, the following elements must be shown: "[a] false and defamatory communication concerning the plaintiff; publication of the communication to third parties; understanding of the defamatory nature of the communication by the third party; fault on the part of the publisher; and injury to the plaintiff."[58]

Defendants recognize that plaintiff alleges she was verbally abused by co-workers and that a co-worker was ordered to write two reports during plaintiff's suspension. Defendants maintain that those two allegations do not constitute defamation because they involved solely co-workers. In support, defendants rely on

---

[57] D.I. 1 at 8,9.
[58] *Bickling v. Kent Gen. Hosp.*, 872 F. Supp. 1299, 1307 (D. Del. 1994).

*Schuster v. Derocili*[59] and *Meades v. Wilmington Housing Auth.*[60]

In *Schuster*, the court relied on *Spence v. Funk*.[61]  The *Spence* court analyzed whether a complaint was sufficient under Rule 12(b)(6), holding that an action is considered libel per se "if there is an imputation of 1) a crime, or 2) a loathsome disease, or 3) specific misdoing affecting the complainant's business, trade or profession, or 4) unchastity."[62]

Here, plaintiff merely concludes at paragraph 58 of her complaint that defendants committed slander per se by making oral defamatory statements in an effort to malign her in her business or trade.  However, her complaint, fails to set forth any facts substantiating her conclusory allegations of slander per se, including who defamed her, when the defamation occurred, to whom it was published, the manner in which it was published or content of the defamatory statement.

Further, in paragraph 60 she alleges, "[d]efendant, through its employees and actors, made false and defamatory statements reguarding [sic] Plaintiff."  This averment also fails to set forth any facts indicating to whom the statements were published, when they occurred and were published, and their content.  She merely concludes that the statements were false and defamatory.

Plaintiff, in her answering brief, indicates that she was called "noisey nip picking bitch and typical new york bitch" and, was subject to comments like "I just Don't Like

---

[59] 775 A.2d. 1029 (Del. 2001).
[60] C.A. No. 03C-05-013 WCC, 2006 WL 1174005 (Del., April 28, 2006).
[61] 396 A.2d 967 (1978).
[62] *Id.* at 968.

The Bitch." She maintains that proof of such statements could be obtained through discovery. However, the statements, even if proven, do not constitute defamation. While the *Phillips* court only requires that the plaintiff plead enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element, the plaintiff, here, has failed to set forth any facts in her complaint or reply brief to support her allegations of defamation. Her allegations of statements made by defendants contained in her reply brief do not constitute defamation because they merely show opinions and dislike of plaintiff. Therefore, her allegations are insufficient to support a defamation claim and do not allow defendants to determine the bases upon which it rests.

In accordance with the holding of *Phillips v. Allegheny County*[63], the court must allow the plaintiff a chance to amend her complaint to correct the deficiencies unless it appears that amendment would be futile. Since the statements allegedly made by defendants do not rise to the level of defamation, an amendment of the complaint would be futile and therefore, plaintiff's allegations of libel and slander are dismissed.

**Breach of Covenant of Good Faith and Fair Dealing allegations.**

Defendants submit that plaintiff failed to properly state a cause of action for breach of covenant of good faith and fair dealing. For a claim of breach of covenant of the good faith and fair dealing, a plaintiff must show that:

> the termination violated public policy; . . . the employer misrepresented an important fact and the employee relied 'thereon either to accept a new

---

[63] 515 F.3d. 224 (3d Cir. Pa. 2008).

position or remain in the present one'; . . . the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation related to the employee's past service; . . . or the employer falsified or manipulated employment records to create fictitious grounds for termination.[64]

Here, plaintiff has not raised a claim under the first or second type of action of breach of implied covenant of good faith and fair dealing.

The third type of action is where the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation related to the employee's past service. The *Pressman* court relied on the holding in *Wagenseller* where an employee was protected from "discharge based on an employer's desire to avoid the payment of benefits already earned by the employee, such as (a) sales commission."[65]

In the instant matter, plaintiff alleges that her termination was a pretext by defendants to avoid paying bonuses and raises due after inventory. Plaintiff, however, has not set out a clearly identifiable right to receive bonuses or raises. Even accepting her allegations as true and construing the allegations in the light most favorable to plaintiff, she has not alleged facts that show defendants were required to give her a raise or bonus. As a result, plaintiff cannot maintain an action under this element of breach of implied covenant of good faith and fair dealing.

The final type of action under breach of implied covenant of good faith and fair dealing occurs when an employer falsifies or manipulates employment records to create

---

[64] *Lord v. Souder*, 748 A.2d 393, 400 (Del. 2000) (citing *E.I. DuPont De Nemours & Co. v. Pressman,* 679 A.2d 436, 442 - 44 (Del. 1996)).
[65] *Wagenseller v. Scottsdale Memorial Hosp.*, 710 P.2d 1025, 1040 (Ariz. 1985).

fictitious grounds for termination. "The application of the covenant here relates solely to an act or acts of the employer manifesting bad faith or unfair dealing achieved by deceit or misrepresentation in falsifying or manipulating a record to create fictitious grounds to terminate employment."[66] The *Pressman* court held that "[d]islike, hatred or ill will, alone, cannot be the basis for a cause of action for termination of an at-will employment."[67]

In the present matter, plaintiff contends that she was terminated by the "false and malicious allegations of her immediate supervisor."[68] She fails to identify the basis for her termination in June 2008, and the purported false and malicious statements. In her brief, plaintiff asserts that she was called names and that she was disliked by defendants. However, dislike or hatred is not a basis for a cause of action under this element of the implied covenant of good faith and fair dealing. In order for plaintiff to maintain a claim under this fourth element, she must set forth facts beyond mere dislike, hatred or ill-will by her supervisors.

For the above reasons, plaintiff's cause of action for breach of covenant of good faith and fair dealing is not sufficient to overcome the requirements of Rule12(b)(6).

**OSHA Violations**

Defendants final argument is that plaintiff does not have a private right of action under OSHA. Section 11(c)(2) of the Occupational Safety and Health Act, 29 U.S.C. § 660 states in pertinent part that:

---

[66] *Pressman,* 679 A.2d. at 443 - 44.
[67] *Id.* at 444.
[68] D.I. 1 at 19.

> Any person who believes that he has been discharged . . . by any person in violation of this subsection may . . . file a complaint with the secretary alleging such discrimination . . . . If upon such investigation, the Secretary determines that provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court against such person.

Here, it is not clear whether or not plaintiff is attempting to maintain her own private cause of action under the OSHA statute or if she is using the statute to support her retaliation claim. To the extent that plaintiff is citing the OSHA statute as a private cause of action, said action is prohibited by the statute.

In accordance with *Phillips v. Allegheny County*[69] the court must allow a complaint to be amended unless said amendment would be futile. Any amendment would be futile since the plaintiff cannot establish a private right of action under the statute. Therefore, the plaintiff's claim for relief under the OSHA statute should be dismissed with prejudice.

## ORDER

Consistent with the findings contained in the Report and Recommendation of the same date,

IT IS RECOMMENDED that defendants' motion to dismiss (D.I. 6):

1. Plaintiff's complaint for failure to exhaust administrative remedies as to age discrimination and hostile work environment is denied;

2. Plaintiff's claims of age discrimination is granted, with leave to plaintiff to amend her complaint. Any amendment to the complaint solely on the

---

[69] 515 F.3d. 224 (3d Cir. 2008).

claim of age discrimination must be filed on or before **April 25, 2011.**

3.      Plaintiff's claim of race discrimination is denied;

4.      Plaintiff's fourth and fifth causes of action regarding defamation is granted;

5.      Plaintiff's sixth cause of action for breach of the implied covenant of good faith and fair dealing is granted; and

6.      Plaintiff's claim for private relief under § 11(c)(2) of the Occupational Safety and Health Act, 26 U.S.C. § 660 is dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72 (b)(1), and D. Del. LR 72.1, any objections to the Report and Recommendation shall be filed within fourteen (14) days limited to ten (10) pages after being served with the same.  Any response shall be limited to ten (10) pages.

The parties are directed to the Court's Standing Order in *Pro Se* Matters for Objections Filed under Fed. R. Civ. P. 72 (dated November 16, 2009), a copy of which is found on the Court's website (www.ded.uscourts.gov.)

The Clerk of the Court is directed to cause a copy of the Report and Recommendation and this Order to be mailed to plaintiff, Collette Jacques-Scott.


Dated: March 22, 2011                    /s/ Mary Pat Thynge
                                         UNITED STATES MAGISTRATE JUDGE