## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLLETTE JACQUES-SCOTT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 10-422-LPS-MPT |
| | : | |
| SEARS HOLDINGS CORPORATION, | : | |
| a Delaware Corporation and SEARS, | : | |
| ROEBUCK AND CO., a foreign | : | |
| corporation, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Before the court are various "motions" by pro se plaintiff, three filed on or about

February 22, 2012, specifically a motion to stay discovery scheduling order[1] until the

court decides the motion to seal or return discovery document; a motion to amend the

scheduling order;[2] and, a motion emergency to seal or return discovery documents.[3]

Plaintiff filed an earlier motion to seal on January 4, 2012,[4] in which she requested

several documents containing personal information to be sealed arguing such

information was confidential.  The February 22 motions involve some aspect of

discovery and are filed in violation of the court's prior scheduling order dated June 28,

2011, specifically ¶ 3(d) regarding discovery and the court's specific instructions to

---

[1] D.I. 57.  The court notes plaintiff's request to stay discovery was filed three weeks after the discovery cut-off date.  Discovery pursuant to the Scheduling Order of December 21, 2011 was to be completed by January 30, 2012.   *See* D.I. 45.

[2] D.I. 58.

[3] D.I. 56.

[4] D.I. 50.

plaintiff during the teleconference on November 30, 2011 involving discovery issues.

Regarding the January motion to seal, plaintiff requests certain documents be sealed by merely listing a number of documents by page number and noting in item 1 "address and phone number;" item 2, the name of a retired police officer and his address; item 3 all her income tax information, children's names, including adult children, dates of birth and social security numbers, plaintiff's social security number, her investment property address, primary address, job description and job history; and item 4, the name of an individual and her social security number.

**Background**

Defendants filed a discovery dispute letter on November 28, 2011[5] after difficulties arose regarding plaintiff's failures to respond to their discovery. This resulted in a telephonic conference on November 30, 2011 during which the court explained the process of discovery, directing plaintiff to the Federal Rules of Civil Procedure addressing discovery and the court's local rules. Thereafter, an amended scheduling order was issued which required plaintiff to provide responses and documents by December 15, 2011 to defendants' request for documents and responses to their interrogatories by December 30, 2011, and for plaintiff's deposition to occur on January 20, 2012. Plaintiff filed written responses and produced documents to defendants on December 15, 2011, which included her personal income tax returns.[6] She filed responses to defendants' outstanding interrogatories on January 4, 2012.[7] Her

---

[5] D.I. 43.
[6] D.I. 46.
[7] D.I. 48.

deposition occurred on January 20, 2012, and as apparent from the portions of her deposition attached as an exhibit to defendants' opposition to her motions,[8] problems clearly arose from plaintiff's failure to respond, in particular to questions directed to determining the damages or relief she is seeking in this matter.

**Discussion**

Regarding plaintiff's motion for emergency to seal or return discovery documents, she initially requests specific documents[9] be placed under seal, but also requests all documents previously produced be returned to her.  Her request for return of documents does not appear to be limited to her personal income tax returns since her closing paragraph in this motion requests documents from pages 1 through 362 be returned to her or sealed immediately.  Plaintiff suggests during the November 2011 teleconference, the scope of financial information should have been limited to "just W-2 forms that would justify income."  She claims during her deposition, defendants misused the information from her income tax returns to target her children by referencing her youngest child as "this" and purportedly threatening to "butcher" him.  She argues defendants have maliciously abused her privileged information in bad faith, and thereby, targeted her family.

Similarly in support of her motion to amend the scheduling order,[10] she makes the conclusory allegation that the "behavior of the questions were not aimed to obtain relevant information, but instead embarrass or harass a person . . . ."  She baldly claims

---

[8] D.I. 61, Ex. A.
[9] D.I. Plaintiff initially requests for her income tax returns to be sealed.
[10] D.I. 57.

defense counsel's inquiries were "unduly intrusive" and the safety of her children is put in "harms way" by defendants.  She also asserts she became very emotional after reading the "intense verbal abuse" by defense counsel.  However, she never explains how bad faith is purportedly evidenced or how her children's safety is allegedly compromised by defense counsel examination, nor does she describe the unduly intrusive inquiries by defendants' counsel beyond the "this" and "butchering" references in her prior motion filed on the same date.[11]  Attached to and presumably in support of her motion to amend the scheduling order is a letter from an attorney, Robert C. Collins, II outlining certain preconditions plaintiff must meet before this attorney would enter his appearance and agree to represent her.  According to that letter, plaintiff must file a pro se motion to extend the scheduling order by eight to twelve months.  Further and of significance, she must execute a fee agreement and provide a retainer, neither of which is confirmed to have occurred either in counsel's letter or by plaintiff.  Beyond merely attaching counsel's letter to her motion, plaintiff has provided no evidence of any diligent efforts on her part to retain counsel or to prosecute this matter.   Her motion to stay discovery requests discovery be stayed under the scheduling order of December 12, 2011 until the other motions filed on February 22, 2012 are decided.

     As evidenced from plaintiff's deposition, defendants' questioning was proper. Her initial responses to inquiries directed to relief and damages sought were evasive. For example, when asked whether she was seeking damages, plaintiff first responded "[w]hatever my complaint said."  When further probed about what she wanted from

---

[11] *See* D.I. 56.

defendants in connection with her lawsuit, she responded she did not know because defendants had not offered her anything.  Additional questioning along the same proper lines revealed the same response–plaintiff did not know what she wanted as a result of this action or whether she was even seeking monetary damages.[12]  It took over three pages of questioning for plaintiff to finally admit she was seeking lost wages and lost bonuses as part of her damages claim.

Plaintiff's comments regarding the attack on her son are equally unfounded.  A review of her deposition clearly indicates the questioning and comment regarding "this" and "butchering" was in reference to her son's name and counsel's awkward expression of concern that he was mispronouncing it.

Further, from the evidence presented, defense counsel's inquiries about plaintiff's children were limited to their names, ages and places of residence.  No threats have been identified.

Plaintiff makes the baseless conclusion that somehow counsel's questions during her deposition could result in a criminal matter.   Her comment is mere speculation, with nothing to substantiate such conjecture.

Nothing improper is evident from defense counsel's questions during her deposition.  Therefore, the court finds plaintiff's complaints regarding counsel's purported abuse to be unsupported.

---

[12] D.I. 61, Ex. A at 86:10-87:5.  Plaintiff continually failed to respond to appropriate questioning regarding her claim for damages, *See* D.I. 61, Ex. A at 87:6-90:4

In her January motion, plaintiff requests various individual documents be sealed which would require the court to locate, review, and ferret out almost 130 pages.[13] Further, since one of the addresses plaintiff seeks to be sealed was a return address on an envelope sent through the public mail, it is questionable whether such information is "confidential."[14]

Although plaintiff claims she needs to retain an attorney quickly for the safety of her children and to have a fair trial, she has pursued this matter for almost two years without representation.[15]  Plaintiff has demonstrated she is familiar with court rules and knows how to request extensions for filing objections to a report and recommendation,[16] and for filing an amended complaint,[17] as well as composing a motion for reconsideration with supporting documentation.[18]  She prepared and served interrogatories and requests for production, a discovery dispute letter,[19] and a number of motions as evidenced herein.  Although she initially failed to respond to defendants' discovery requests, when faced with a deficiency letter, plaintiff requested another extension of time.[20]  Plaintiff knows how to manipulate the schedule to her advantage

---

[13] The motion at D.I. 50 appears incorporated into and possibly mooted by the later motion filed at D.I. 56.

[14] Until plaintiff's motion, it is doubtful how the former occupation of the witness would have been known through the document filed.

[15] According to the court docket, this matter was filed in May 2010.

[16] *See* D.I. 15, 17, 19.  All those requests for extensions were granted.

[17] *See* D.I. 15.

[18] *See* D.I. 30, 31 (plaintiff's motion for reconsideration to an order adopting the report and recommendation).

[19] *See* D.I. 52.

[20] As noted, the docket is replete with plaintiff's requests for extensions.

and has no apparent hindrances in representing herself.  Her conduct, however, is primarily responsible for the delay in this matter.

FED. R. CIV. P. 5.2 places the responsibility on the party who is filing paper documents to make the proper redactions.  Under Rule 5.2(a), the party filer is responsible to exclude certain limited information.[21]  The failure to properly redact or file under seal means plaintiff has waived the protections of Rule 5.2(a) as to her own information.[22]  Further, the court may require any documents filed under seal be made without redactions, and may later unseal the filing.[23]  As evidenced from Rule 5.2, sealing or redaction does not mean such documents are insulated from or inaccessible to the opposing side.  Sealed or redacted documents generally must be produced unredacted to the opposing side, when those documents are relevant discovery.  Further, redacting or sealing a document does not prevent its later use as an exhibit at trial or for case dispositive motions in the unredacted format.

A scheduling order under Fed. R. Civ. P. 16(b)(4) may be modified "only for good cause and with the judge's consent."[24]  After the pleading deadline has expired, this circuit requires a showing of good cause.[25]  For good cause, a showing that scheduling

---

[21] Under 5.2(a), when documents contain an individual's social-security number, taxpayer-identification number, birth date, the name of a minor, or the financial-account number, the person filing the documents is only to include the last four digits of the social-security number, taxpayer-identification number or financial-account information, the year of the individual's birth, and the minor's initials.   Rule 5.2(a) does not exclude all personal information.

[22] *See* Rule 5.2(h).

[23] *See* FED. R. CIV. P. 5.2(d).

[24] *See* Rule 16(b)(4).

[25] *E. Minerals & Chem. Co v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000).

deadlines cannot be met despite a party's diligent efforts is required.[26]  "Central to a showing of 'good cause' is diligence on the part of the movant."[27]  Plaintiff's repeated extension requests and the absence of any evidence of diligent efforts on her part to prosecute this matter do not warrant staying the scheduling order.

Should plaintiff in the present motions be attempting to reargue or seek reconsideration of the court's prior decision on November 30, 2011 regarding discovery, D.Del. LR 7.1.5 and FED. R. CIV. P.  72(a) both prevent her from doing so since the time period for such review has expired.[28]

Although courts recognize "[a] pro se complainant . . . must be held to less stringent standards than formal pleadings drafted by lawyers,"[29] proceeding as a pro se litigant, however, does not give a party the right to "flagrantly disregard the Federal Rules of Civil Procedure in an effort to manipulate rulings in [her] favor."[30]

Therefore, for the reasons contained herein,

IT IS ORDERED that:

1.  Plaintiff's motions to seal (D.I. 50 and 56) are DENIED with the following modifications.  The Clerk is directed to seal and retain documents found at D.I. 46 produced by plaintiff in response to defendants' discovery.  Plaintiff shall file a redacted

---

[26] *Leader Techs. Inc. v. Facebook, Inc.*, C.A. No. 08-862-LPS, 2010 2010 U.S. Dist. LEXIS 6349, at *9 (D. Del. June 24, 2010).
[27] *Lab. Skin Care, Inc v. Ltd. Brands, Inc.*, C.A.No. 06-601-JJF, 2009 U.S.Dist. LEXIS 72853, at *12 (D. Del. Aig. 17, 2009
[28] Both this court's local rule 7.1.5 and FED. R. CIV. P. 72 require any such review be requested within fourteen days of the decision.
[29] *Ning Ye v. Holder*, 644 F. Supp. 2d 112, 116 (D. D.C. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[30] *Lewis v. Williams*, C.A. No. 05-013-GMS, 2010 WL 2640188, *3 (D. Del **?**).

8

version for the public court record which contains all documents previously filed in response to defendants' discovery, but with redactions consistent with FED. R. CIV. P. 5.2, that is, redacting all digits but the last four (4) digits of the social security number, taxpayer-identification number and/or financial account number of any person or entity other than plaintiff; eliminating the name of any minor and replacing the minor's name with the minor's initials; and deleting the day and month, but not the year, of birth of any person other than plaintiff.  On the redacted version, plaintiff shall number the pages consistent with her previous filing.

In addition, plaintiff shall redact the addresses, but not the names of William Skibicki and Jean Thomas.

Plaintiff shall file the redacted version on or before **April 30, 2012.**

The placing of the originally filed documents found at D.I. 46 under seal does not automatically restrict the parties from using those documents in support of or in opposition to any case dispositive motion.

2.  The parties are directed that any future filings with exhibits or attachments must be consistent with this Order and FED. R. CIV. P. 5.2

3.  The Scheduling Order of December 12, 2011 is modified as follows:  all case dispositive motions with an opening brief limited to twenty (20) pages, exclusive of exhibits and affidavits, if any, in support of the motion shall be served on **April 30, 2012**; answering briefs, limited to twenty (20) pages, exclusive of exhibits and affidavits, are due **May 30, 2012** and reply briefs limited to 10 pages, exclusive of exhibits and

affidavits, are due **June 13, 2012.**  No further briefing, such as surreply briefs, shall be allowed without permission from the Court.

4.  In light of paragraph 3 above, plaintiff's motion to amend the scheduling order (D.I. 58) is DENIED as moot.

5.  Pursuant to the findings and Order herein, plaintiff's motion to stay discovery (D.I. 57) is DENIED as moot and because it was filed after the cut-off date for discovery.

This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a), and D.Del.LR 72.1.  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order.  FED. R. CIV. P. 72(a).  The written objections and response are each limited to five (5) pages.

The parties are directed to the Court's standing Order in Pro Se matters for Objections Filed under FED. R. CIV. P. 72, dated November 16, 2009, a copy of which is available on the Court's website, www.ded.uscourts.gov.

Since this Memorandum Order addresses a non-dispositive motion, any objections filed will not affect the findings, rulings or decisions herein during the pendency of a decision on the objections.


Date: March 27, 2012            /s/ Mary Pat Thynge
                                UNITED STATES MAGISTRATE JUDGE