# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

COLLETTE JACQUES-SCOTT, :
:
                Plaintiff, :
:
    v. : C. A. No. 10-422-LPS-MPT
:
SEARS HOLDINGS CORPORATION, :
a Delaware Corporation and SEARS, :
ROEBUCK AND CO., a foreign :
corporation, :
:
                Defendants. :

## **MEMORANDUM ORDER**

On April 13, 2012, plaintiff filed a motion to extend the times[1] in the Memorandum Order dated March 27, 2012[2] requesting the due dates listed therein be extended for thirty days based on a family medical emergency. This extension request is the latest in a series of prior similar requests. According to the attached note from a physician, Dr. Ross Mazo, plaintiff's sister has been hospitalized in a New York facility, since March 28, 2012, and is incapacitated. Plaintiff claims she has undertaken to handle her sister's personal and business affairs. Plaintiff also "submitted" an unsigned fee agreement, which purportedly acknowledges the law firm of Schwartz and Schwartz was willing to handle her case. That fee agreement is undated and unsigned, and appears to be related to the letter dated February 15, 2012 from Robert Collins, an attorney with that firm, conditioning his representation of plaintiff on whether certain

---

     [1] D.I. 66.
     [2] D.I. 64.

events occurred, including amending the scheduling order to extend the discovery, expert disclosures and dispositive motions deadline by as much as a year. Plaintiff's request to extend those deadlines by that amount was denied.

Although the court did not immediately respond to plaintiff's latest extension request, her request asked for the dates in the March 27 Memorandum Order be extended by thirty days. In the interim, defendant filed its motion for summary judgment.

Since the filing of her extension request, plaintiff has filed nothing, despite the fact that the thirty day time period under her extension request has passed for filing her redacted discovery responses, case dispositive motions, and objections to the Memorandum Order.[3] Except for the due date for her answering brief, the thirty day time period plaintiff requested regarding all other dates has expired. Further, there is no confirmation that the Schwartz & Schwartz law firm has been retained, a process that has been ongoing since at least February 15, 2012.

Defendants objected to plaintiff's request for an extension noting her request was one of many attempts to delay litigation which she commenced. They argue plaintiff has failed to prosecute this action and retain counsel.

---

[3] According to the Memorandum Order, plaintiff was required to provide the redacted version of her discovery responses by April 30 and case dispositive motions were also due April 30, with the answering brief due May 30, 2012. Her objections to the Memorandum Order were due fourteen days after that decision or by April 13, 2012. Pursuant to her extension request, those dates would be moved to May 30 to redact her discovery responses, May 30 for the filing of case dispositive motions, with July 2 for the responsive brief, and May 13, 2012 for objections to the Memorandum Order.

Because the thirty day time period plaintiff requested has expired, the court is more than justified to find she has waived her right to file any objections to the March 27 Memorandum Order and has failed to comply with the redaction portion of that order. As noted previously by this court, although courts recognize "[a] pro se complainant . . . must be held to less stringent standards than formal pleadings drafted by lawyers,"[4] proceeding as a pro se litigant, however, does not give a party the right to "flagrantly disregard the Federal Rules of Civil Procedure in an effort to manipulate rulings in [her] favor."[5] Numerous extensions have been granted previously to plaintiff.[6] However, despite plaintiff's previous disregard of this court orders,

IT IS ORDERED that regarding plaintiff's request for extension of times in the Memorandum Order of March 27, 2012 (D.I. 66):

1. Any objections shall be filed on or before **June 29, 2012**. If no objections are filed, plaintiff shall file the redacted version of her discovery documents on or before **July 16, 2012.** If objections are filed to the Memorandum Order of March 27, 2012, then the filing of redacted discovery documents is stayed.

2. Since the original thirty day time period plaintiff requested has expired, any further modification to the due date for the filing of case dispositive motions is DENIED. However, plaintiff's answering brief shall be filed consistent with paragraph 3 of the

---

[4] *Ning Ye v. Holder*, 644 F. Supp. 2d 112, 116 (D. D.C. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[5] *Lewis v. Williams*, C.A. No. 05-013-GMS, 2010 WL 2640188, *3 (D. Del June 30, 2010).

[6] *See* D.I. 11, 16, 18 and 20, as well as amended scheduling orders D.I. 24 and 45 necessitated by plaintiff's delays in prosecuting her action. In fact, D.I. 64, the most recent Memorandum Order, extended the time for filing case dispositive motions from the last modified scheduling order.

Memorandum Order of March 27, 2012, except for the due date, on or before **July 16, 2012.** As a result, defendants' reply brief shall now be due on or before **July 31, 2012.**

3. Except as noted in paragraph 1 herein, objections to non-case dispositive motions, which includes the Memorandum Order of March 27, 2012 and this Memorandum Order, do not operate as a stay of the proceedings, and the filing of such objections shall not affect the due date for plaintiff's answering brief to defendants' motion for summary judgment. Further, any objections filed to this Memorandum Order will not affect the findings, rulings or decisions herein during the pendency of a decision on the objections.

IT IS FURTHER ORDERED this is plaintiff's final extension to file an answering brief to defendants' motion for summary judgment. Plaintiff's failure to meet the due date for the filing of her answering brief shall subject her to a decision based on the documents filed by defendants in support of their motion for summary judgment.

This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a), and D.Del.LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The written objections and response are each limited to five (5) pages.

The parties are directed to the Court's standing Order in Pro Se matters for Objections Filed under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the Court's website, www.ded.uscourts.gov.

Date: June 5, 2012  /s/ Mary Pat Thynge
                    UNITED STATES MAGISTRATE JUDGE